UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY DELUIS-MORELOS,<br><br>                              Plaintiff,<br><br>        v.<br><br>COLOMBIAN CONSULATE, et al.,<br><br>                              Defendants. | Case No. C15-312-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

In July 2014, Johnny Deluis-Morelos, also known as Hector Luis Ramos DeLeon, initiated a habeas action pursuant to 28 U.S.C. § 2241, seeking release from immigration detention on the basis that he is a United States citizen. *See Deluis-Morelos v. U.S. Immigration and Customs Enforcement, et al.*, No. C14-1077-BAT (W.D. Wash.). According to U.S. Immigration and Customs Enforcement, he is a Colombian citizen who is in the United States unlawfully. He has been detained at the Northwest Detention Center since 2012 pending resolution of his removal proceedings. The Court appointed the Federal Public Defender to represent Mr. Deluis-Morelos in that action, and an evidentiary hearing regarding his citizenship claim is scheduled for April 2015.

In January 2015, Mr. Deluis-Morelos filed under case number C14-1077-BAT a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971),

REPORT AND RECOMMENDATION - 1

alleging that the Colombian Consulate and two of its employees, Marcos Garzon and Martha Lucia Barbosa Hernandez, improperly believe that he is from Colombia.  *See* Case No. C14-1077-BAT, Dkt. 29.  He alleged that he purchased his current identity for $1,000 and that the real Johnny Deluis is already deceased.  *Id.*  As relief, Mr. Deluis-Morelos sought an original copy of the birth certificate from the real Johnny Deluis.  *Id.*  The Court ordered the Clerk to strike the civil rights complaint from the docket in the habeas action and to file it in its own action.  Case No. C14-1077-BAT, Dkt. 39.

Now, having reviewed Mr. Deluis-Morelos's *Bivens* complaint, which was filed under the instant case number, the Court recommends that it be dismissed with prejudice prior to service.  To state a claim under *Bivens*, a plaintiff must allege facts showing that:  (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor.  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).  At a minimum, Mr. Deluis-Morelos's complaint fails to state a claim upon which relief may be granted because he names as defendants the Colombian Consulate and two of its employees, none of whom are federal actors. Amendment would be futile because there is no *Bivens* claim that could be brought against these defendants to compel them to produce the birth certificate Mr. Deluis-Morelos seeks.

Therefore, the Court recommends that this action be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  The Clerk shall send a courtesy of this Report and Recommendation to counsel in cause number C14-1077-BAT.  A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

REPORT AND RECOMMENDATION - 2

assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **April 1, 2015.** The Clerk should note the matter for **April 3, 2015**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five pages. The failure to timely object may affect the right to appeal.

DATED this 11th day of March, 2015.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge